BEFORE THE THIRD DIVISION, AUGUST 5, 1953

No. 57454.—Swift & Company *v.* United States, petition 6848–R (New Orleans).

EKWALL, Judge: This is a petition for remission of additional duties assessed because of the fact that the final appraised value of certain canned roast beef imported from Argentina exceeded the value declared on entry. (Section 489,

Tariff Act of 1930.) The merchandise was appraised as entered. From such appraised value, the collector filed an appeal for reappraisement, the record in which is incorporated herein. The court there found a value agreed upon by counsel for the litigants. (Reap. Dec. 8028.)

At the hearing, stress was laid on the change in the law imposing a tax on this type of merchandise. However, such change is not relevant to the question at issue in a remission case, i. e., the good faith of the importer in making entry at a value lower than the final appraised value.

In support of the petition, two witnesses testified on behalf of the petitioner. The first witness, the manager of the accounting department of the importing corporation, testified that his duties included handling disbursements and supervising importations, which position he had held for 7 years prior to the date of the hearing. He supervised the clearance through customs of the instant importation, reviewing documents and making sure that the payment of duty was in accordance with tariff regulations. He gave general instructions as to making entry to Mr. Maloney, an employee of the petitioner. The witness was able to testify that Mr. Maloney disclosed whatever available information he had to the United States examiner at the port of entry prior to making entry, and that he, Mr. Maloney, tried to amend the entry but was advised that the goods had been appraised and that it was too late to amend. The witness further testified that he discussed this matter with Mr. Maloney in the presence of the appraiser and that Mr. Maloney stated that he had given the appraiser all the information he had.

This witness testified, over Government's objection, that there was an increase in prices ranging from $1.10 to $1.70 per dozen, due to a rise in market conditions.

The record discloses that the orders were placed in February, June, July, and September for the four lots and that the goods were exported in October 1941.

The witness testified that neither he nor his subordinates concealed any information from the customs officials and did not misrepresent any facts concerning the value from such customs officials.

The plaintiff also called Mr. Miller, the deputy collector of customs at the port of entry, who testified that he knew Mr. Maloney, referred to by the first witness, and that said Maloney had conferred with the appraiser, with Mr. Rode of the appraiser's office, and himself, regarding canned meats for Swift & Company prior to making customs entries from 1933 to 1942 and, so far as he knew, said Maloney had complied with the regulations and the tariff laws; that his reputation was beyond reproach and his integrity was of the highest in all the dealings the witness had had with said Maloney. He further testified that he had no knowledge of the whereabouts of Mrs. Shepherd, the appraiser at the time of these importations, and that Mr. Rode of the appraiser's office had since died.

The statute, section 489, Tariff Act of 1930, requires that a person seeking remission must prove that the act of undervaluation was without intent (a) to defraud the revenue of the United States; (b) to conceal or misrepresent the facts of the case; and (c) to deceive the appraiser as to the value of the merchandise. All of these elements must be established by satisfactory evidence. *United States* v. *W. J. Westerfield*, 40 C. C. P. A. 115, C. A. D. 507. We find that the petitioner has established by satisfactory evidence the facts necessary to meet its burden of proof.

The petition is therefore granted.